IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LYNN R. SHOEN, BAR NO. 1197.

No. 69697

FILED

APR 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Lynn R. Shoen. Under the agreement, Shoen admitted to over 40 violations including RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.8 (conflict of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The agreement provides for a four-year and six-month suspension beginning retroactively on April 24, 2014, when this court temporarily suspended Shoen from the practice of law, and the payment of $25,100 in restitution to be made in monthly payments and to be paid in full within one year of this court's approval of the guilty plea. During the remaining term of Shoen's suspension, she is required to take 6 CLE classes per year until she is reinstated and she must pass the MPRE examination within 6 months of applying for reinstatement. Further, upon Shoen's reinstatement, she will be prohibited from maintaining her own practice, must work under the supervision of another attorney with at

16-12703

least 15 years of experience, and may never be a signatory to or have any access to any trust account, client or third-party funds of any kind, regardless of their characterization such as a "flat-fee." Additionally, the agreement requires Shoen to pay the costs of all the disciplinary proceedings.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the duties violated and the aggravating and mitigating circumstances, we conclude that the four-year and six-month suspension, the payment of restitution, and the prohibition on Shoen maintaining her own law practice or having access to client or third-party funds is sufficient to serve the purpose of attorney discipline. *See In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077-78 (2008) (setting forth factors to be considered); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). While Shoen's misconduct is egregious and her continued misconduct after the first bar complaint was filed is troublesome, we conclude that the plea agreement's prohibition on her maintaining her own law practice or having access to client or third-party funds sufficiently protects the public and the legal profession.

We hereby impose a four-year and six-month suspension beginning retroactively on April 24, 2014. Further, Shoen shall pay $25,100 in restitution as outlined in the plea agreement, to be made in monthly payments and paid in full within one year of the date of this order. The payment of restitution is a condition precedent to the submittal of an application for reinstatement. Shoen must take 6 CLE classes per year until she is reinstated and she must pass the MPRE

examination within 6 months of applying for reinstatement. Further, upon Shoen's reinstatement, she is prohibited from maintaining her own practice and must work under the supervision of another attorney who has at least 15 years of experience. Shoen is also prohibited from being a signatory to or having any access to any trust account or client or third-party funds of any kind, regardless of the characterization of those funds, such as "flat-fee." Additionally, Shoen must pay the costs of all the disciplinary proceedings, excluding Bar Counsel and staff salaries, within 180 days of receipt of a billing from the State Bar. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
Marquis Aurbach Coffing
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Officer, United States Supreme Court